In the Matter of the Probate of the Will of Joseph Taormina, Deceased.

Surrogate's Court, Kings County, June 21, 1948.

*Francis A. Castellano, Jr.,* for Rose Stark, petitioner.

McGAREY, S. This is a proceeding to probate a lost or destroyed will pursuant to the provisions of section 143 of the Surrogate's Court Act. The facts adduced at the hearing established that on January 7, 1948, decedent duly executed an instrument as his will in conformity with the requirements of section 21 of the Decedent Estate Law, and that at the time he was fully competent to execute a will and under no restraint. The proponent, however, who claims to be the sole beneficiary mentioned in the instrument executed by decedent and sought to be established as his will, has failed to meet the requirements of the statute by proving the contents of the instrument by two witnesses. Neither of the subscribing witnesses was able to state the contents of the instrument they attested. The attorney, who drafted a will for decedent shortly prior to January 7, 1948, and sent it to decedent with instructions for its execution, produced two carbon copies of the instrument he had prepared from his files. Since he was not present at the execution of the instrument and did not see it thereafter, he was unable to identify the papers produced by him as copies of the instrument actually executed by decedent. The only evidence offered to prove the contents of the instrument executed by decedent was given by proponent. She testified that decedent gave her the will after execution and she inadvertently destroyed it after his death. She identified one of the instruments produced by the attorney, which she had subscribed by the witnesses to the original instrument after decedent's death, as a true copy of the instrument given to her by decedent. Aside from any question of the competency of her testimony under section 347 of the Civil Practice Act, there is lacking the testimony of the second witness to establish the contents of the instrument executed by decedent as his will. The petition must, therefore, be dismissed.

Submit decree accordingly.